IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEITH D. NEFF, | : | No. 4:21-CV-01334 |
| Petitioner, | : | (Chief Judge Brann) |
| v. | : | |
| CHAD WAKEFIELD, | : | |
| Respondent. | : | |

### MEMORANDUM AND ORDER

**APRIL 12, 2022**

Petitioner Keith D. Neff is currently serving a sentence of 60 to 120 months' imprisonment for various state drug offenses.[1] In July 2021, Neff filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, seeking to challenge his state-court conviction and sentence.[2] Because Neff has not exhausted any of his claims in state court nor sought a stay and abeyance in this Court, the Court must dismiss his Section 2254 petition.

Claims raised in a habeas corpus petition under 28 U.S.C. § 2254 generally are required to be exhausted in state court.[3] "Exhaustion addresses federalism and comity concerns by affording the state courts a meaningful opportunity to consider

---

[1] *See* Doc. 67-6; *Commonwealth v. Neff*, CP-54-CR-0001581-2020 (Pa. Ct. Com. Pl. Schuylkill Cnty. Sept. 12, 2020).
[2] Doc. 1.
[3] *See* 28 U.S.C. § 2254(b)(1)(A).

allegations of legal error without interference from the federal judiciary."[4] Exhaustion should not be "overlooked lightly,"[5] and will not be excused simply because a petitioner believes his claims will be denied on the merits in state court.[6]

As Respondent points out,[7] Neff has plainly failed to exhaust any of his claims in state court. Following a bench trial, the Court of Common Pleas of Schuylkill County, Pennsylvania, entered judgment on August 18, 2021.[8] Neff, however, had already filed his Section 2254 petition in this Court before he was even sentenced. The claims raised in Neff's habeas petition, moreover, appear to be issues that should have been raised on direct appeal to the Superior Court of Pennsylvania.[9]

Neff does not explain why he filed his Section 2254 petition before he was sentenced or his state-court conviction became final.[10] He also does not seek a stay and abeyance for his completely unexhausted petition.[11] Nor does Neff establish

---

[4] *Parker v. Kelchner*, 429 F.3d 58, 61 (3d Cir. 2005) (internal quotation marks and citations omitted).
[5] *Id.* at 62 (citation omitted).
[6] *Id.* at 63-64.
[7] *See* Doc. 67 ¶ 9.
[8] *See* Docs. 67-3, 67-6.
[9] *See, e.g.*, Doc. 1 at 6, 8, 9 (asserting claims that his "pretrial motions" were denied, that "intent" was not established, and that "probable cause" was lacking).
[10] It does not appear that Neff filed a direct appeal. *See Commonwealth v. Neff*, CP-54-CR-0001581-2020 (Pa. Ct. Com. Pl. Schuylkill Cnty.). Neff did file a petition for state post-conviction relief, Doc. 67-4, but this petition was filed on July 9, 2021—two days after his bench trial and more than a month before he was sentenced. This petition was dismissed by the trial court as premature on July 14, 2021. *See* Doc. 67-5.
[11] *See generally Heleva v. Brooks*, 581 F.3d 187 (3d Cir. 2009).

"good cause, potentially meritorious claims, and a lack of intentionally dilatory litigation tactics" that would prompt this Court to *sua sponte* invoke the stay-and-abeyance process set forth in *Heleva v. Brooks*.[12]  Finally, when presented with Respondent's argument that his Section 2254 petition was completely unexhausted, Neff failed to file any response.[13]

**AND NOW**, upon consideration of the foregoing, **IT IS HEREBY ORDERED** that:

1. Neff's petition (Doc. 1) for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED** without prejudice for failure to exhaust state remedies.

2. A certificate of appealability shall not issue, as Neff has not made a substantial showing of the denial of a constitutional right.  *See* 28 U.S.C. § 2253(c)(2).

3. The Clerk of Court is directed to CLOSE this case.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[12] *See id.* at 192.
[13] Neff did, however, file a multitude of unrelated and irrelevant documents that appear to be asserting various civil tort claims.  *See* Docs. 68-78, 82-100, 102-33, 135-51.  This is despite the fact that this Court explicitly directed Neff to stop submitting such irrelevant filings in this Section 2254 case.  *See* Doc. 55 at 1.